UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MATTHEW ALAN SCHROCK, JR., <br><br> Plaintiff, <br><br> v. <br><br> ROBERT GORDON, et al., <br><br> Defendants. | CAUSE NO. 3:20-CV-178-RLM-MGG |

<u>OPINION AND ORDER</u>

Matthew Alan Schrock, Jr., a prisoner without a lawyer, filed a complaint against six individuals who have allegedly curtailed his ability to visit and communicate with his daughter. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

The court applies the same standard as when deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). <u>Lagerstrom v. Kingston</u>, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. <u>Bissessur v. Indiana Univ. Bd. of Trs.</u>, 581 F.3d 599, 602-603 (7th Cir. 2009). "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 603.

According to the complaint, Mr. Schrock's daughter has been the victim of abuse by her mother and step-father. Cassandra Simmons and Kendra Kutz, employees of the Michigan Department of Health and Human Services ("DHHS"), investigated that abuse. As a result of the investigation, there was a legal proceeding and Mr. Schrock was named as a respondent in that proceeding. As a respondent, he was appointed counsel – Attorney James M. Miller. Mr. Schrock feels he was treated unfairly throughout that proceeding by his appointed attorney, the investigators, and DHHS Director Robert Gordon. He has sued his daughter's mother (Kadeesha D. Wilson-Green); his daughter's step-father (Fredrick Green); the two investigators (Cassandra Simmons and Kendra Kutz), their director (Robert Gordon), and his attorney (James M. Miller). He seeks an order granting injunctive relief in the form of communication and visitation with his daughter and an order directing the employee of DHHS to show cause why he should not receive visitation and communication with his daughter. He also seeks monetary damages.

Mr. Schrock can't sue the employees of Michigan's DHHS for failing to investigate the allegations of abuse adequately. He believes that the investigation casts him in a negative light because he's in prison and that the investigation might be used in the future in a separate proceeding to terminate his parental rights. Just as a private individual has no constitutional right to have another person arrested and criminally prosecuted, a private person has no right to force

2

authorities to investigate a non-criminal matter. *See* DeShaney v. Winnebago County Dep't of Social Servs., 489 U.S. 189, 197 (1989) ("[A] State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause."); Gomez v. Whitney, 757 F.2d 1005, 1006 (9th Cir. 1985) (no right to police investigation); Oliver v. Collins, 914 F.2d 56, 60 (5th Cir. 1990) (no constitutional right to have someone criminally prosecuted); Sattler v. Johnson, 857 F.2d 224, 226-227 (4th Cir. 1988) (same). Mr. Schrock can't sue Director Robert Gordon, Cassandra Simmons, or Kendra Kutz for failure to investigate his daughter's alleged abuse adequately.

Attorney James M. Miller can't be sued under § 1983 because he's not a state actor. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006) (citations omitted). While the conduct of private actors can transform them into state actors for § 1983 purposes, the facts must permit an inference that defendant's actions are "fairly attributable to the state." L.P. v. Marian Catholic High Sch., 852 F.3d 690, 696 (7th Cir. 2017) (quoting Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982)). Even when a public defender is appointed to represent a criminal defendant, the attorney's actions aren't fairly attributable to the State and the attorney doesn't act under color of state law. *Polk County v. Dodson,* 454 U.S. 312, 325 (1981). Mr. Miller was appointed to represent Mr. Schrock as a respondent in a proceeding about alleged abuse of his daughter by other individuals. An appointment under those circumstances

3

can't transform counsel into a State actor for purposes of § 1983. Mr. Schrock cannot state a claim upon which relief may be granted against Attorney Miller.

As to the daughter's mother and step-father, who allegedly have prevented contact between Mr. Schrock and his daughter, Mr. Schrock can't, in the absence of a state court order addressing visitation, force his daughter's mother to bring her to the prison to visit with him or permit other communication. That issue is a matter for the state courts to resolve. *See* Weinhaus v. Cohen, 773 F. App'x 314, 315 (7th Cir. 2019). "The federal judiciary has traditionally abstained from deciding cases concerning domestic relations" and "generally dismiss cases involving . . . child custody, visitations rights, establishment of paternity, [and] child support . . . " Ingram v. Hayes, 866 F.2d 368, 369 (11th Cir. 1988) (citing Crouch v. Crouch, 566 F.2d 486 (5th Cir. 1978)).

Although a plaintiff usually is given the opportunity to file an amended complaint when a case is dismissed without a motion, *see* Luevano v. Wal-Mart, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile. Hukic v. Aurora Loan Servs., 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). That's what Mr. Schrock's complaint presents.

The court DISMISSES this case under 28 U.S.C. § 1915A because it does not state a claim upon which relief can be granted.

SO ORDERED on March 4, 2020.

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT
